**SIGNED THIS: November 30, 2007**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| JOHN A. PLUMMER, JR. and | ) | |
| JOYCE E. PLUMMER, | ) | Case No. 05-72087 |
| | ) | |
| Debtors. | ) | |

## O P I N I O N

In this two and one-half year-old Chapter 13 case, John and Joyce Plummer ("Debtors") seek authorization to amend their Schedule F to add previously unscheduled pre-petition[1] creditors and to extend the claims bar date in order to give the added creditors the opportunity to file claims so that their debts to the

---

[1] For purposes of this Opinion, the Court presumes - although the record does not affirmatively indicate - that all of the claims of the creditors which Debtors seek to add arose pre-petition.

added creditors will be discharged upon completion of Debtors' Chapter 13 Plan. For the reasons set forth below, the Court finds that, although the Debtors are free to amend their schedules, the claims bar date cannot be extended, and their obligations to the added creditors will not be discharged upon completion of Debtors' Chapter 13 Plan.

On April 19, 2005, Debtors filed their voluntary Chapter 13 petition.[2] The meeting of creditors was scheduled for May 25, 2005. Accordingly, the claims bar dates in this case were set as August 23, 2005 (90 days after the first-scheduled meeting of creditors) for non-governmental unit creditors, and October 16, 2005 (180 days after the first-scheduled meeting of creditors) for governmental unit creditors. *See* Fed.R.Bankr.P. 3002(c).

The first meeting was held as scheduled. On May 5, 2005, Debtors filed their Chapter 13 Plan along with their Statement of Financial Affairs and schedules. Question 4 of the Statement of Financial Affairs requires debtors to list "(s)uits and administrative proceedings, executions, garnishments and attachments". Debtors listed only a pending foreclosure proceeding filed by Bank One in Montgomery County, Illinois.

---

[2] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") applies to cases filed on or after October 17, 2005. Because Debtors' case was filed on April 19, 2005, the pre-BAPCPA version of the Bankruptcy Code applies, and all references to and quotations from the Bankruptcy Code in this Opinion are to the pre-BAPCPA language.

Debtors' Chapter 13 Plan was amended on May 19, 2005, and again on May 23, 2005. On June 8, 2005, Debtors filed their Third Amended Plan, which proposed monthly payments of $1,229.04 for 60 months and which anticipated a dividend to unsecured creditors of 41%. An Order of Confirmation was entered on August 31, 2005, and was amended on September 26, 2005.

Approximately two years later, on August 15, 2007, Debtors filed an Amended Schedule F, which listed six unsecured creditors. On the same date, Debtors filed another Amended Schedule F, which listed three unsecured creditors. Schedule F requires that the date the claim was incurred be stated as to each creditor, but no such date was stated as to any of the creditors listed on the Amended Schedules F. It appears that all of the added creditors are related to two civil lawsuits filed in St. Clair County, Illinois in 2005. The amount of each claim is listed as "unknown". On August 16, 2007, the Court entered an Order Denying Chapter 13 Amendment. The Order stated that the amendment[3] was filed more than 30 days after expiration of the claims bar date and, accordingly, it was found to be untimely because it attempted to add unsecured creditors when it was too late for those creditors to file timely proofs of claim.

On September 21, 2007, Debtors filed a "Motion to Amend

---

[3] The Court treated the two Amended Schedules F, filed on the same date, as a single "amendment".

Schedule F and Extend Discharge Date as to Certain Creditors". In the Motion, Debtors assert that they inadvertently failed to include certain creditors in their Chapter 13 schedules. Debtors further assert that, pursuant to Federal Rule of Bankruptcy Procedure 1009, they are entitled to amend their bankruptcy schedules as a matter of course at any time before the case is closed. Debtors ask the Court to extend the discharge date as to the added creditors to January 27, 2008.

On September 25, 2007, the Court entered an Order granting the Debtors 14 days in which to file a memorandum of law setting forth any statutory or case law authority in support of the relief requested in the Motion. On October 9, 2007, Debtors filed their Memorandum of Law.

In support of their Motion, Debtors first assert that Federal Rule of Bankruptcy Procedure 1009(a) permits amendment of bankruptcy schedules at any time. Federal Rule of Bankruptcy Procedure 1009(a) provides as follows:

> **(a) General Right to Amend.** A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.

Fed.R.Bankr.P. 1009(a).

The unambiguous language of Rule 1009(a) establishes that

Debtors' contention regarding the amendment of schedules is correct.  The approach of permissively allowing schedule amendments has been construed to give courts no discretion to reject amendments unless a debtor has concealed property, acted in bad faith, or the amendment would prejudice the creditors.  In re Yonikus, 996 F.2d 866, 872 (7th Cir. 1993); In re Stark, 717 F.2d 322, 324 (7th Cir. 1983).  Accordingly, the Court should not have entered an order denying the amendment, and the Court's Order entered August 16, 2007, was, at least from a procedural standpoint, incorrect, and will be vacated.  However, Debtors concede in their brief that the acts of (i) filing amended schedules, and (ii) giving appropriate notice thereof, by themselves, are meaningless insofar as their effect on the claims related thereto.  "[A]dding [a creditor] to Schedule F cannot cut off the creditor's claim without permitting the filing of a claim." Debtors' Memorandum of Law *at* p. 3, *citing* In re Greenburgh, 151 B.R. 709, 713 (Bankr. E.D. Pa. 1993).  *Accord* In re Moore, 247 B.R. 677, 686 (Bankr. W.D. Mich. 2000):

> The court does not question the Debtors' right to freely amend their schedules at any time prior to the close of the case.  *Fed.R.Bankr.P. 1009(a)*.  The problem is that amending the schedules is simply not enough to overcome the due process rights of these omitted creditors.  Late notice of the Chapter 13 proceeding is meaningless unless the omitted creditor is allowed the opportunity to receive a distribution under the confirmed plan.

Although their Motion refers to extending the "discharge date" or "dischargeability date", Debtors clarify in their

Memorandum of Law that they are seeking additional relief in the form of an extension of the claims bar date for the added creditors in order to give those creditors an opportunity to file proofs of claim in this case.  Again, the Debtors' goal is to obtain the discharge of their indebtedness to these previously unscheduled creditors.

The Debtors' goal cannot, however, be achieved at the price of the creditors' due process rights.  "...Chapter 13 proceedings are subject to the Due Process Clause of the United States Constitution[.]  [C]reditors must be notified of all vital steps... in order to afford them the opportunity to protect their interests."  In re Martinez, 51 B.R. 944, 947 (Bankr. D. Colo. 1985).

A Chapter 13 discharge extends only to "debts provided for by the plan."  11 U.S.C. §1328(a).  This language has been construed to mean that unscheduled debts are not discharged upon the completion of plan payments because such debts were not provided for by the plan.  *See* In re Trembath, 205 B.R. 909, 914 (Bankr. N.D. Ill. 1997); U.S. v. Meyer, 2004 WL 2203403 *2 (N.D. Ill.); *see also* In re Cash, 51 B.R. 927, 929 (Bankr. N.D. Ala. 1985) ("it would be a strained construction to view the plan as *providing for a debt* owed to a creditor when the debtor omits the debt and creditor from the Chapter 13 Statement."); In re Dunn, 83 B.R. 694, 696 (Bankr. D. Neb. 1988) ("the phrase 'provided for' requires that

in order for a debt to become dischargeable, the plan must 'make provision for it,' 'deal with it,' or 'refer to it.'").

Debtors suggest that they can overcome the problems caused by their failure to schedule the creditors now listed on their Amended Schedules F by extending the claims bar date for the creditors to file claims and by modifying their confirmed plan to provide for such claims. The Debtors are not, however, entitled to the relief which they seek.

As authority for their position that the Court may perfunctorily extend the claims bar date in this case, Debtors cite Federal Rule of Bankruptcy Procedure 3003(c)(3), which states in part:

> (3). **Time for filing**. The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. . . .

Fed.R.Bankr.P. 3003(c)(3).

However, Rule 3003(a) explicitly states that Rule 3003 applies only in chapter 9 and 11 cases.

Federal Rule of Bankruptcy Procedure 3002(c) sets forth the deadlines for timely filing proofs of claim in chapter 7, 12, and 13 cases. Rule 3002(c) states that a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors. Fed.R.Bankr.P 3002(c). The five subsections of Rule 3002(c) set forth five exceptions to the deadline. Exceptions are for (i) government units, (ii) infants,

incompetent persons, and their representatives, (iii) certain recently-entered judgments, (iv) claims arising from the rejection of an executory contract or unexpired lease of the debtor, and (v) cases in which a no-asset report has been filed and subsequently withdrawn.  Id.

In this case, the claims date for all of the creditors listed on Debtors' Amended Schedules F would have been August 23, 2005, unless one of the exceptions set forth in the five subsections of Rule 3002(c) above applies.  As indicated above, the creditors listed on Debtors' Amended Schedule F appear to relate to two civil lawsuits filed in St. Clair County, Illinois.  The creditors are two individuals - one related to each of the two lawsuits - along with various attorneys and the St. Clair County Clerk.  There is no contention, nor any other reason for the Court to believe, that any of the above-stated exceptions set forth in the subsections of Rule 3002(c) would apply to these creditors' claims.

Because any proofs of claim filed by the creditors listed on Debtors' Amended Schedule F would, at this point, be untimely filed under Rule 3002(c), enlargement of the time period set forth therein would have to be granted in order for the proofs of claim to be allowed.  Enlargement of time periods is governed by Federal Rule of Bankruptcy Procedure 9006.  Fatal to Debtors' position in this case is Rule 9006(b)(3), which provides as follows:

> (3) **Enlargement Limited.**  The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e),

> 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

Fed.R.Bankr.P. 9006(b)(3).

Thus, enlargement of the time for filing a proof of claim under Rule 3002(c) is permitted only to the extent and under the conditions stated in the Rule. Because none of the exceptions set forth in the subsections of Rule 3002(c) applies in this case, the Court has no discretion to extend the claims bar date in this case by 120 days or until January 28, 2008, as requested in Debtors' Motion, or for any other arbitrary period.[4]

Federal Rule of Bankruptcy Procedure 3002(a) provides as follows:

> **(a) Necessity for Filing.** An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.

Fed.R.Bankr.P. 3002(a).

The ramifications of the provisions of Rule 3002(c) defining timeliness of filing, and the provisions of Rule 3002(a) mandating the filing of a proof of claim if an unsecured claim is to be

---

[4] The limitation of Rule 9006(b)(3) does not extend to Rule 3004, which permits a debtor or trustee to file a proof of claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) if a creditor does not timely file a proof of claim under Rule 3002(c). Rule 9006(b)(1) governs these circumstances and permits enlargement of time, upon motion made, based upon excusable neglect.

allowed and paid, are clear.  The claims of the creditors listed on the Debtors' Amended Schedules F filed on August 15, 2007, cannot now be timely filed and paid through the previously confirmed Chapter 13 Plan.

Debtors also assert that they are entitled to seek modification of their Chapter 13 Plan.[5]  As set forth above, this would be necessary to have the debts owed to the newly-added creditors "provided for by the plan."  Debtors contend that §1329 of the Bankruptcy Code can and should be read to permit modification of the confirmed plan to provide for payments to the added creditors.

Modification of a chapter 13 plan after confirmation is addressed by §1329(a), which provides, in part, as follows:

> (a)  At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to–
>
>   (1)  increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>
>   (2)  extend or reduce the time for such payments; or
>
>   (3)  alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C. §1329(a).

---

[5] Debtors have not actually filed a Motion to Modify their Chapter 13 Plan.

Debtors cite In re Rodriguez, 225 B.R. 628 (Bankr. S.D. Tex. 1998) as authority for their position. In Rodriguez, Bankruptcy Judge Wesley W. Steen held as follows:

> [S]ince Bankruptcy Code §1329(a) does not specifically allow the addition of a neglected creditor, and since there is some suggestion that the permissible grounds for modification is an exclusive list, one could argue that the proposed modification is not permissible. But just as there is no explicit authority that allows the modification, neither is there any authority holding that the modification is not permissible.

Id. *at* 633-34.

The seminal case in the Seventh Circuit on §1329(a) and the modification of chapter 13 plans is In re Witkowski, 16 F.3d 739 (7th Cir. 1994), which held that a debtor, the trustee, or an unsecured claimholder has an absolute right to request modification of the plan between confirmation of the plan and completion of the plan payments. Id. *at* 742. An unanticipated substantial change in the debtor's financial circumstances is not required. Id. *at* 744; *cf.* In re Arnold, 869 F.2d 240 (4th Cir. 1989), and the doctrine of *res judicata* does not apply to a confirmation order. Witkowski, 16 F.3d *at* 745, 746; *cf.* Arnold, 869 F.2d *at* 243.

However, modifications under §1329(a) are not limitless; rather, modifications are only allowed in the three limited circumstances set forth in §1329(a)(1), (a)(2), and (a)(3). Witkowski, 16 F.3d *at* 745; *accord* In re Turnbull, 350 B.R. 429, 433-34 (Bankr. N.D. Ill. 2006). A motion to modify need not always be granted. Id. *at* 434. "Whether the modification will be granted

is within the bankruptcy court's discretion." <u>Witkowski</u>, 16 F.3d *at* 748. Thus, the holding in <u>Rodriquez</u> is clearly in conflict with the law in the Seventh Circuit.

The holding in <u>Rodriquez</u> is also strongly rejected by Bankruptcy Judge Jeffrey R. Hughes in <u>Moore</u>, which states:

> [W]ith all due respect to Judge Steen, this court is unable to find within the clear language of Section 1329(a)(1) even a weak implication that creditors may be added to a plan post-confirmation.

<u>Moore</u>, 247 B.R. *at* 683.

The <u>Moore</u> opinion agreed with <u>Witkowski</u> that the three subsections of §1329(a) are exclusive, and went on to specifically hold that the Bankruptcy Code does not permit post-confirmation amendments to Chapter 13 plans to add omitted creditors. <u>Id</u>.

The ultimate relief sought by the Debtors herein is to modify a confirmed plan to add the claims of previously unscheduled creditors to obtain a discharge of such creditors' claims upon completion of Debtors' Chapter 13 Plan. The manner by which Debtors have sought to obtain said relief runs counter to multiple provisions of the Bankruptcy Code and Rules, as well as the concepts of substantive and procedural due process. Although the "Order Denying Chapter 13 Amendment" will be vacated, Debtors' victory on this point is Pyrrhic. In all other respects, the relief sought in Debtors' Motion to Amend Schedule F and Extend Discharge Date as to Certain Creditors must be denied.

This Opinion is to serve as Findings of Fact and Conclusions

of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###